1

2

3

4

5

6

7

8     UNITED STATES BANKRUPTCY COURT

9         FOR THE DISTRICT OF OREGON

10    IN RE                                    )
                                               )     Bankruptcy Case
11    WENDY ANNE CRONK,                        )     No. 14-64115-tmr7
                                               )
12                                             )
                                               )
                              Debtor.          )
13    _____      )
                                               )
      WENDY ANNE CRONK,                        )     Adversary Proceeding
14                                             )     No. 14-6220-tmr
                              Plaintiff,       )
15                                             )
                    v.                         )
16                                             )
      OREGON CREDIT AND COLLECTIONS            )     MEMORANDUM OPINION
17    BUREAU, INC.,                            )
                                               )
18    _____      )
                              Defendant.       )

19        The parties have submitted the preference claims in this adversary proceeding upon briefs and

20    stipulated facts.  The matters are ripe for decision.

21        Factual and Procedural History:

22        On July 31, 2014, a judgment totaling more than $20,931 was entered in Lane County Circuit Court

23    in favor of Linn-Co Federal Credit Union against Plaintiff.  On August 27, 2014, the judgment was assigned

24    to Defendant.

25        On September 29, 2014, the Lane County Court Administrator issued a writ of garnishment to

26    Columbia Distributing, Plaintiff's employer.  The amount subject to garnishment as of that date was

MEMORANDUM OPINION-1

1   $22,053.26. The writ provided that it garnished "all . . . [w]ages that you owe the Debtor at the time this writ

2   is delivered to you and all wages that the Debtor earns during the 90 day period following the date on which

3   you receive this writ."

4       Pursuant to the writ, on or about October 21, 2014, and November 4, 2014, Defendant received and

5   deposited checks from Columbia Distributing for $257.31 and $256.12 respectively (total $513.43).

6       On November 14, 2014, Columbia Distributing, through its payroll agent, issued a third garnishment

7   check, this one for $261.70. That same date Plaintiff filed her Chapter 7 Petition.[1] On Schedule B she listed

8   a "Preference Claim" valued at $740, and on Schedule C claimed the entire scheduled value exempt under 11

9   U.S.C. § 522(d)(5),[2] the federal wildcard exemption.

10      On November 18, 2014, Defendant received the $261.70 check in the mail, as well as a separate letter

11  from Plaintiff's counsel requesting return of the garnished wages. Defendant, through its President,

12  immediately sent a letter to Plaintiff's counsel enclosing the undeposited, unendorsed check, along with a

13  payment history indicating that, other than the $261.70 check, Defendant had only received $513.43 in the

14  90 days preceding the bankruptcy filing, which was below the $600 threshold [of § 547(c)(8)], and thus no

15  further monies would be remitted.

16      On February 17, 2015, Plaintiff received her discharge and the main Chapter 7 case closed as no-

17  asset.

18      Plaintiff has not deposited or cashed the $261.70 check.

19  // // //

20  // // //

21  // // //

22  // // //

23

24      [1]The Stipulation of Facts does not indicate whether the $261.70 check was issued before or after the
25  petition was filed.

26      [2]Unless otherwise indicated, all subsequent statutory references are to Title 11 of the United States
    Code.

MEMORANDUM OPINION-2

1    Discussion:

2        In certain circumstances, § 522(h) allows a debtor to prosecute preference actions the trustee declines

3    to pursue.[3]  Assuming the threshold requirements of § 522(h) are met,[4] a debtor must still prove the prima

4    facie elements of a preference under § 547(b), and is subject to the § 547(c) defenses.  § 547(g).  The

5    dispositive issue at bar is whether one of those defenses applies.  In particular, the Court must decide

6    whether $600 or more was transferred pre-petition for purposes of § 547(c)(8).[5]  While Defendant concedes

7    the first two checks totaling $513.43 were preferential transfers within the meaning of § 547(b), it argues the

8

9    ───────────────

10        [3]Until July 2013, Oregon had "opted-out" of the federal exemptions, thereby limiting most filers in
     this District to Oregon's exemptions.  Under Oregon's exemption scheme, recovery by a debtor of garnished
11    wages as a preference was impossible.  Section 522(h) only permits recovery to the extent the transferred
     wages are exemptible.  Because Oregon's wage exemption, ORS 18.385, is applied at the time the
12    garnishment is honored, ORS 18.735, only non-exempt wages were remitted to the garnishor.  In some cases,
     debtors attempted to use the Oregon wildcard exemption, now ORS 18.345(1)(p), to further exempt the
13    garnished portion. Those efforts, however, were unsuccessful because the Oregon wildcard cannot be used to
     increase the amount of any other exemption.  See, e.g., Ridgway v. Credits, Inc. (In re Hoffman), Adv. No.
14    384-0151 (Bankr. D. Or. Nov. 8, 1984) (Hess, J.) (unpublished).  With passage of the right to claim the
     federal exemptions, ORS 18.300 (2013), the previously non-exempt portion of garnished wages is now
15    exemptible and Oregon debtors may file actions under § 522(h) to recover it.
16
         [4]There appears no dispute that for § 522(h) and (g) purposes: 1) the trustee has not attempted to avoid
17    the transfers, 2) they were involuntary, 3) Plaintiff has not concealed them, and 4) Plaintiff could have
     exempted the garnished funds had the trustee avoided their transfer.
18

19        [5]Section 547(c)(8) provides:

20
             The trustee may not avoid under this section a transfer–
21
                 (8) if, in a case filed by an individual debtor whose debts are
22               primarily consumer debts, the aggregate value of all property
                 that constitutes or is affected by such transfer is less than $600.
23

24        Plaintiff does not dispute he has primarily consumer debts.  Defendant does not dispute the
     garnishments may be combined for purposes of the $600 threshold.  See Rainsdon v. Action Collection
25    Serv., Inc. (In re Robles), 2007 WL 1792320, *3-4 (Bankr. D. Id. June 19, 2007) (collecting cases and siding
     with the majority that all transfers to a particular creditor during the 90-day preference period may be
26    combined).

MEMORANDUM OPINION-3

1  uncashed November 14 check did not constitute a "transfer" and, thus, the $600 threshold has not been met.

2  The Court agrees.

3          "The term 'transfer' means-- (A) the creation of a lien . . . or (D) each mode, direct or indirect,

4  absolute or conditional, voluntary or involuntary, of disposing of or parting with-- (i) property; or (ii) an

5  interest in property." § 101(54).  A transfer via an ordinary check occurs when the check is honored by the

6  drawee bank.  Barnhill v. Johnson, 503 U.S. 393, 394-395, 112 S. Ct. 1386, 1387-1388 (1992).[6]  Because the

7  $261.70 check was never presented to (let alone honored by) the drawee bank, no transfer took place.[7]

8          The Court recognizes there were other pre-petition transfers besides the payments discussed above.

9  However, they were not preferential.  Under Oregon law, service of a writ of garnishment "transfers some

10  interest [in the fund being garnished] to the garnishor."  In re Reeves, Case No. 302-42183-elp11, 7 n.3

11  (Bankr. D. Or. June 12, 2003) (Perris, J.) (unpublished letter op.).  Here, those transfers took place when

12  Plaintiff acquired rights in the subject wages, § 547(e)(2), (3), all of which occurred within 90 days of the

13  petition.

14          When monies owed are being garnished, it is frankly unclear whether the interest transferred by

15  virtue of the writ is a lien or some other undefined analog.  Compare Reeves, Case No. 302-42183 at 5

16  (garnishment of debtor's note receivable did not create a lien), with Davis v. F.W. Fin. Servs., Inc., 260 Or.

17  App. 191, 206, 317 P.3d 916, 925 (2013) (garnishor of debtor's accounts receivable is a "judgment lien

18  creditor" within the meaning of the Uniform Commercial Code).  Whatever its precise nature, the interest "is

19  superior to claims of later lien creditors."  Reeves, Case No. 302-42183-elp11 at 7 n.3.

20          However, to be preferential, the transferred interest must have enabled Defendant to receive more

21  than it would have in a hypothetical Chapter 7 case if the transfer had not been made.  § 547(b)(5).  Here,

22

23

24          [6]Plaintiff cites no authority that distinguishes the Barnhill rule in cases where a third party as here,
    issues a check representing funds it owes the debtor.

25          [7]Had the $261.70 check been presented and honored, the transfer would have occurred post-petition.
26  The § 547(c)(8) defense would, however, still be valid, as §§ 547(b) and (c) only apply to pre-petition
    transfers.

MEMORANDUM OPINION-4

1  Plaintiff's federal wildcard exemption covers the entire value of the funds subject to garnishment and takes

2  priority over any interest created by the writ.[8]  Thus whatever interest was transferred by virtue of the writ

3  did not improve Defendant's position for purposes of § 547(b)(5).[9]

4      Conclusion:

5      Under § 547, a completed Oregon wage garnishment involves two transfers.  The first takes place

6  when the lien (or other similar interest) arising by virtue of the writ attaches to the judgment debtor's earned

7  wages.  The second occurs when the garnishee pays over the funds to the garnishor.  The former is not

8  preferential if the debtor's allowable exemptions, including the federal wildcard, cover the entire amount of

9  the subject wages.  The latter is preferential if the requirements of § 547(b) are met.

10     Because here, the only preferential transfers were the first two payments totaling less than $600,

11  Defendant's § 547(c)(8) defense will be sustained, and judgment will be entered dismissing Plaintiff's

12  complaint with prejudice and awarding Defendant its reasonable costs and disbursements to be determined

13  by the procedures set forth in LBRs 7054-1 and 9021-1(d).

14     As a final matter, the Court is prepared to determine the parties' rights in the $261.70, whose transfer

15  was interrupted by the Chapter 7 petition.  Most likely because of Plaintiff's exemption claim, it appears

16

17  ─────────────────────

18      [8]Under Oregon law, a judgment debtor has 120 days after being served with the writ, ORS
   18.700(2)(a), to challenge a wage garnishment so as to "claim such exemptions from garnishment as are
19  permitted by law." ORS 18.700(1).  The Court sees no reason why the federal wildcard would not qualify as
   an exemption "permitted by law" if bankruptcy intervenes.  Further, ORS 18.300(1) allows a debtor to
20  choose the federal exemptions "[f]or purposes of a bankruptcy petition." Again, the parties have presented no
   reason why that choice is not for all purposes inherent in the bankruptcy distribution scheme, a scheme
21  which pays exemptions before Oregon judgment liens and analogous interests.

22      [9]In Panaretos v. Creditors Protective Assoc., Inc. (In re Panaretos), Adv. No. 94-3183-dds (Bankr. D.
23  Or. Sept. 23, 1994) (Sullivan J.) (unpublished), the court came to the same conclusion but in a shorthand
   way.  There, it found the debtor did not have standing under § 522(h) to avoid a judgment lien where
24  avoidance was not necessary to fund the exemption or where the judgment lien did not impair the exemption.
   At that point, controlling caselaw dictated that, because Oregon law recognized exemptions ahead of
25  judgment liens, such liens could not impair the exemption.  Id. at 2 (citing City National Bank v. Chabot (In
   re Chabot), 992 F.2d 891 (9th Cir. 1993)).  Since then "impairment" has been re-defined as the difference
26  between the amount of liens plus exemption, and the property's value.  § 522(f)(2).

MEMORANDUM OPINION-5

1 neither Defendant nor the trustee claims an interest in those funds.  Plaintiff is holding the unendorsed

2 uncashed check.  The check however is stale.  <u>See</u> Ex. D to Stipulation of Facts indicating the check is void 6

3 months after date of issue; <u>see</u> <u>also</u> ORS 74.4040.  To facilitate Plaintiff's receipt of the funds, a separate

4 order will be entered requiring her to return the check to Columbia Distributing with the notation "VOID"

5 thereon.  The order will require Columbia Distributing upon receipt of the voided check to issue a

6 replacement $261.70 check to Plaintiff within 30 days.  The order will be subject to objection by any party in

7 interest including Columbia Distributing, within 14 days of its entry.[10]

8       The above constitute the Court's findings of fact and conclusions of law under FRBP 7052.  They

9 shall not be separately stated.  The Court will draft the appropriate judgment and order.

THOMAS M. RENN
Bankruptcy Judge

---

[10]Alternatively, the Court will entertain a stipulated order as to how to deal with the $261.70.

MEMORANDUM OPINION-6